IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-507-SMY-DGW |
| EQUIFAX, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark A. Patterson filed suit, alleging that Defendant Equifax failed to provide him with a free copy of his credit report in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* (Complaint, Doc. 1-3). The lawsuit was originally filed in the Fourth Judicial Circuit Court for Clinton County, Illinois against Equifax and two other consumer reporting agencies ("CRAs"), and was subsequently removed to this Court. (Notice of Removal, Doc. 1). The remaining two CRAs have been dismissed from the case.

This matter is now before the Court on crossmotions for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56. (Docs. 27, 30). Patterson's *pro se* motion is essentially a response in opposition to Equifax's motion, and Equifax has filed its opposition to the crossmotion. (Doc. 33). For the following reasons, Equifax's motion for summary judgment (Doc. 27) is **GRANTED**, and Patterson's motion (Doc. 30) is **DENIED.**

## Background

This case revolves around the FCRA's provisions providing for consumers to receive a free credit report from CRAs. Patterson, a prisoner in the Illinois Department of Corrections

system, wrote to Equifax on or about November 7, 2016 requesting a "free copy of [his] credit report and score." (Doc. 28-1). He asserted that he wished "to review [his] credit report/file to ensure that [he had] not become victim of fraud/identity theft." (Id.).

Equifax responded on November 23, 2016 with a letter informing Patterson that it needed additional documentation to verify both his identity (such as a Social Security Card, birth certificate or pay stub) and current address (such as a driver's license or utility bill). (Doc. 28-2 at 3). Patterson responded to Equifax on December 20, 2016, informing it that he did not have access to such documentation because he was incarcerated. (Doc. 1-3 at 15). He sent a followup letter to Equifax on or about February 20, 2017, again asking for his credit report. (Id. at 16). Equifax has not provided Patterson with his credit report or score.

Patterson alleges that Equifax (as well as two other since-dismissed CRAs) violated his right under 15 U.S.C. §1681g(a)(1) to receive a free copy of his credit report. (Doc. 1-3 at ¶¶ 17-18). Subsequent to Patterson filing this action, Equifax received "fraud alert referrals" from CRA Trans Union on May 17, 2017 and July 29, 2017. (Affidavit of Celestina Gobin, Doc. 33-1 at ¶¶7-9). No requests have been filed since the commencement of the case.

## **Discussion**

Both parties have moved for summary judgment.[1] Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of

---

[1] Patterson's Motion for Summary Judgment is in reality a response in opposition to Equifax's Motion for Summary Judgment, with a request for judgment in his favor appended to the end. Consistent with long-established policy, this Court affords Patterson's pleadings a liberal construction as they are filed *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

The determinative question in this case is what obligations, if any, Equifax had under the FCRA to provide Patterson with a free copy of his credit report. Section 1681g(a)(1), the section cited by Patterson in his Complaint, entitles an individual to receive upon request, "[a]ll information in the consumer's file at the time of the request," subject to certain limitations. Under the statute, there are several circumstances under which a consumer has a right to a free copy of their credit report from a covered CRA.

First, the FCRA requires national CRAs to provide consumers with a free copy of their credit report once every twelve months, upon request. 15 U.S.C. §1681j(a)(1)(A). However, in order to invoke this right, the statute requires that the request be sent to "a centralized source established for such purpose in accordance with section 211(c) of the Fair and Accurate Credit Transactions Act of 2003." 15 U.S.C. § 1681j(a)(1)(B). The parties do not dispute the fact that Equifax is a national CRA or that Patterson sent his request directly to Equifax instead of going

through the centralized source for such requests. As such, Patterson was not entitled to a free credit report under this provision.

Apparently conceding that his requests did not meet the requirements for the annual free credit report, in his motion, Patterson asserts a legal theory not previously pled – that because he placed an "initial fraud alert" with Trans Union, Equifax should have sent him a free credit report. Section 15 U.S.C. 1681j(d) provides that "[u]pon the request of a consumer, a [national CRA] shall make all disclosures pursuant to section 1681g of this title without charge to the consumer, as provided in subsections (a)(2) and (b)(2) of section 1681c-1 of this title, as applicable." The applicable subsections of § 1681c-1 provide that a CRA which places an initial fraud alert in a consumer's file shall:

(A) disclose to the consumer that the consumer may request a free copy of the file of the consumer pursuant to section 1681j(d) of this title; and

(B) provide to the consumer all disclosures required to be made under section 1681g of this title, without charge to the consumer, not later than 3 business days after any request described in subparagraph (A).

15 U.S.C. § 1681c-1(a)(2). The statute also provides that a national CRA must refer information regarding to the initial fraud alert to other national CRAs. *Id.* at (a)(1)(B). Any CRA that receives such a referral is then obligated to disclose to the consumer the availability of a free credit report upon request and to send such a report within 3 business days of receiving such a request. *Id.* at (e).

Here, Patterson argues that his placement of initial fraud alerts with Trans Union required Equifax to send him a free report. Although Patterson submitted no evidence of the initial fraud alerts, Equifax concedes that it received two such alerts – on May 17, 2017 and July 29, 2017 – several months after this litigation began. Patterson does not allege, and there is no evidence that Equifax failed to send Patterson the notification required. Nor does Patterson claim to have sent

Equifax any requests on or after those dates.[2] In the absence of such evidence, Patterson's claim fails as a matter of law.

Although the Court construes pro se filings liberally, it cannot "fill in all of the blanks" for a litigant. *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996). *See also Douglas v. DeBruyn*, 936 F. Supp. 572, 574 (S.D. Ind. 1996) ("[T]he substantive law applicable to [a litigant's] claims cannot be ignored simply because of his pro se status.") (citation omitted). Here, the Court would have to presume that Equifax did not send the required notice of the availability (a presumption with no basis in the record) and essentially *sua sponte* amend Patterson's Complaint to include events that arose after it was filed. That would be a bridge too far.

On the evidence before the Court, there is no indication that Equifax failed to send a free credit report to Patterson after receiving a proper request showing his entitlement to a free report. Thus, Equifax is entitled to summary judgment in its favor.

## Conclusion

For the foregoing reasons, Defendant Equifax's motion for summary judgment (Doc. 27) is **GRANTED** and the case is **DISMISSED with prejudice**. Plaintiff Mark Patterson's motion for summary judgment (Doc. 30) is **DENIED**. All other pending motions are **DENIED as moot.** The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff and to close the case

**IT IS SO ORDERED.**

**DATED: August 10, 2018**

                                                                             s/ Staci M. Yandle
                                                                             **STACI M. YANDLE**
                                                                             **United States District Judge**

---

[2] On the other hand, Equifax has submitted an affidavit attesting that it never received any requests on or after the dates the fraud alerts were received. (Second Affidavit of Celestina Gobin, Doc. 33-1 at ¶ 10).